### DOHERTY et al. v. McDOWELL et al.

(District Court, D. Maine. December 1, 1921.)

No. 814.

1. **Process ⊚⊸164(4)—Return and amendment held to show service by deputy marshal.**

    Where the original return showed service by the marshal "by N., deputy," but was defective and was sent back for amendment, and the amended return showed service by the marshal by N. without stating he was deputy, the two returns together are sufficient to show service by a deputy marshal.

2. **Courts ⊚⊸344—Attested copy of order is "certified copy."**

    A copy of an order for service on defendant outside of district under Judicial Code, § 57 (Comp. St. § 1039), which was attested by the court, was a "certified copy" within the meaning of that section, since to "certify" means to attest authoritatively, and any form which affirms the fact in writing is sufficient (quoting Words and Phrases, Certified Copy).

3. **Courts ⊚⊸344—Shares of stock have situs within state of organization for purpose of acquiring jurisdiction over nonresident defendants.**

    Shares of stock in a corporation have a situs as property within the state in which the corporation is organized, though it has no other property and transacts no business therein except to hold its annual meeting, and a suit for the specific recovery of such stock can be brought within that district and service had under Judicial Code, § 57 (Comp. St. § 1039), on defendants residing elsewhere.

4. **Courts ⊚⊸344—Bill held to allege equitable claim to specific property for purpose of serving process on nonresident defendants.**

    A bill alleging that plaintiffs delivered certain stock to the principal defendant, who was an employé, in return for his services, but thereafter discovered he had defrauded them of large amounts, so that plaintiffs were equitably entitled to the stock, states a claim for the specific recovery of stock which can be brought in the district where the stock is located, and defendants residing outside of the district can be served under Judicial Code, § 57 (Comp. St. § 1039).

5. **Courts ⊚⊸344—Jurisdiction does not depend on statute allowing service on defendants outside of district.**

    The jurisdiction of the court of a suit to recover specific property situated within the district depends on diversity of citizenship or other ground of jurisdiction, not on Judicial Code, § 57 (Comp. St. § 1039), which merely permits service in such a suit on defendants not residing within the district.

6. **Equity ⊚⊸363—Doubtful issue on merits not decided on motion to dismiss.**

    Where the bill raises a doubtful question on the merits, such question will not be determined on summary hearing on motion to dismiss the bill, but will be reserved for determination after answer and full hearing.

In Equity. Bill by Henry L. Doherty and another, doing business under the firm name of Henry L. Doherty & Co., against Jesse C.

---

⊚⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

McDowell and others. On motion to vacate the order of service and dismiss the bill. Motion denied.

Frueauff, Robinson & Sloan, of New York City, and Verrill, Hale, Booth & Ives, of Portland, Me., for plaintiffs.

Philip G. Clifford, of Portland, Me., for defendant Doherty Securities Co.

Thomas L. Talbot, of Portland, Me., specially, for defendants.

HALE, District Judge. This case comes before the court upon defendants' motion to vacate the order of service and dismiss the bill, for the reason that the court has no jurisdiction over the defendants, because:

(1) A certified copy of the order of notice was not served on Horace H. McDowell.

(2) The Doherty Securities Company, one of the defendants, has no property in Maine. All its corporate business is transacted outside of Maine except the annual meeting of stockholders.

(3) All the certificates of stock of the Doherty Securities Company owned by the defendants are held and owned by them within the Western district of Pennsylvania and the Southern district of Texas.

Section 57 of the Judicial Code (Comp. St. § 1039), provides, among other things, that when a suit is commenced in a District Court of the United States to enforce any legal or equitable claim upon, or claim to, or to remove any lien or cloud upon the title to real or personal property within the district where the suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing the absent defendant to appear and plead, answer, or demur by a day certain, which order shall be served upon such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of such property. I have briefly stated that part of the section which is material to the consideration of the questions involved in this motion.

The plaintiff's bill is brought to establish a claim to and upon certain shares of stock of the Doherty Securities Company. The bill shows that the corporation is a Maine corporation; that the plaintiffs are residents of New York state; that the three individual defendants in whose name the shares are alleged to stand are residents of Pennsylvania and Texas; that the defendant Jesse C. McDowell was the agent and employé of the plaintiffs, and that it was part of his duty, as such agent, to negotiate transactions for the purchase of property; that he took advantage of this to add large amounts to the alleged purchase price, and, having obtained from the plaintiffs payment of these large amounts, he had such payment turned over to himself. A specific case is alleged in the bill in detail, in which transaction McDowell is alleged to have obtained $250,000. There is another allegation that McDowell, during the term of his employment, defrauded the plaintiffs in the same way, receiving thereby a large amount of money;

that the knowledge of these transactions was concealed from the plaintiffs, and that they were unable, at the time the bill was drawn, to describe them in detail. The bill further alleges that the specific shares of stock in the Doherty Securities Company were delivered by the plaintiffs to the defendant McDowell, as further consideration for his services, which at that time were supposed to be in good faith, loyal, honest, and faithful; and that, having since learned that, instead of having rendered such services, he had defrauded them, they now claim that the title to the specific shares of stock set out in the bill never passed to McDowell, and that he got possession of them by fraud; the equitable title still remaining in the plaintiffs, who are entitled to a return of this property which McDowell had obtained by fraud. Their claim, then, is substantially a proceeding in rem against the property, namely, against the shares of stock to which they claim to have an equitable title and an equitable lien. They are seeking to enforce this lien by this bill. The bill further alleges that certain of these shares were transferred to the defendant Caroline H. McDowell and Horace H. McDowell without consideration; that they were really held for the benefit of Jesse C. McDowell; and that therefore they are subject to the same equitable lien as those shares which McDowell still holds.

[1] 1. The court directed service of a certified copy of the order of notice of the suit upon the individual defendants. The motion urges that this order was not complied with, because the order served upon the defendant Horace H. McDowell was not a certified copy, but was merely a copy attested by George C. Wheeler, clerk. The first return of service on Horace H. McDowell is rather illegible. It was brought to me in court at the hearing and appears to have been signed by "O. F. Wolff, U. S. Marshal, by Ed. Carr, Deputy." It appears that this return was sent back for amendment. An amended return was filed which shows that the officer "served the annexed order of court on the therein named Horace H. McDowell, by handing to and leaving a true and certified copy thereof with Horace H. McDowell, at Victoria, Tex., in said district, on February 4, 1921." This latter return was signed, "O. F. Wolff, U. S. Marshal, by Ed. Carr." I permitted the amendment to the return. This amendment brings fairly before the court the two returns. From an examination of the two returns it appears clear that Ed. Carr described himself to be a deputy of the United States marshal. A deputy marshal, then, has made the return that he served a certified copy of the order on the defendant in question.

[2] It is urged that, from a copy which is brought before the court, it may be inferred that the copy which was actually served was an attested copy, and not a certified copy. I think it must be held that a copy duly attested by the court is a certified copy within the meaning of the court order. One of the dictionary meanings of "certify" is "to verify; to attest authoritatively." In 2 Words and Phrases, First Series, 1033, it is said:

"The term 'to certify' as used with reference to legal documents, means to testify to a thing in writing; and in the absence of statutory provision de-

claring the particular form of certification, any form which affirms the fact in writing is sufficient."

It appears clear that the intention of the court order was to provide for a true copy of the order to be served on the individual defendant. I think this intention of the court was substantially carried out.

The defendants' motion to vacate the order is denied. ·

[3] 2. The defendants urge, further, that the Doherty Securities Company, one of the defendants, has no property in Maine, and that therefore the seizure of its shares does not give the court jurisdiction.

The record shows that this is a Maine corporation. The shares in it are property, regardless of the place where the corporation conducts its business, or where its assets are located, or where the certificates of stock owned by the individual defendants are kept. In this state shares of stock in a corporation are distinctly recognized as personal property. I do not need to cite the various Maine statutes which provide for the attachment of such shares and for the assessment of inheritance tax on them, although owned by deceased nonresidents. The cases in the federal court hold that the stock of a corporation organized under the laws of a state has its situs in such state, and is property within a federal judicial district in the state. See 1 U. S. Compiled Statutes (1916) Annotated, p. 1167; Hudson Co. v. Murray (D. C.) 236 Fed. 419. In Hutchins v. State Bank, 12 Metc. (Mass.) 421, 426. Chief Justice Shaw held that the share of a bank corporation was in the nature of a chose in action, and that the certificates of stock are simply evidences of the holders' title.

In Jellenik v. Huron Copper Mining Company, 177 U. S. 1, 13, 14, 20 Sup. Ct. 559, 563 (44 L. Ed. 647), in speaking for the court, Mr. Justice Harlan said:

"The certificates are only evidence of the ownership of the shares, and the interest represented by the shares is held by the company for the benefit of the true owner. As the habitation or domicile of the company is and must be in the state that created it, the property represented by its certificates of stock may be deemed to be held by the company within the state whose creature it is, whenever it is sought' by suit to determine who is its real owner. This principle is not affected by the fact that the defendant is authorized by the laws of Michigan to have an office in another state, at which a book showing the transfers of stock may be kept. * * * The corporation being brought into court by personal service of process in Michigan, and a copy of the order of court being served upon the defendants charged with wrongfully holding certificates of the stock in question, every interest involved in the issue as to the real ownership of the stock will be represented before the court. We think the Circuit Court may rightfully proceed under the act of 1875, for the purpose of determining such ownership."

I find that the shares of stock described by the plaintiffs, and sought to be held by them as their property, constitute property within the state of Maine.

[4] 3. The defendants, by their motion, urge that the bill states no equitable case. Let us examine the basis of the bill. It does not attempt to establish a claim for damages; nor does it seek to collect damages out of the shares of stock of the Doherty Securities Company, as if those shares had been attached. I have already stated briefly the sub-

stance of the bill. It is the plaintiffs' contention that they hold the equitable title to the shares of stock in question; that Jesse C. McDowell acquired the shares by fraud; and that, having discovered the fraud, the plaintiffs are entitled to the return of these specific shares which they have described. Their proceeding is against the property itself. The cases brought to my attention by the learned counsel for the defendants are not proceedings against specific property, as in the case at bar. Jellenik v. Huron Copper Mining Co., 177 U. S. 1, 13, 14, 20 Sup. Ct. 559, 44 L. Ed. 647, already cited, seems to me to be decisive of the case before me.

[5] The jurisdiction of the court does not depend upon section 57 of the statute. The jurisdiction of the court is obtained by plaintiffs, by stating a diversity of citizenship of the parties, by stating property within the jurisdiction of the court, and a claim by the plaintiffs on that property. Section 57 of the Code is for the purpose, not of conferring jurisdiction, but of providing machinery for enforcing a claim on property within the jurisdiction, even though certain defendants are absent. It provides a process for bringing nonresident defendants before the court. Since that statute was passed the court has just the same power to decide the real controversy as it would have if all the defendants were residents of the district. The bill before the court appears to state a case in equity. By invoking section 57 of the Code, it seeks to bring absent defendants into court.

[6] In York County Savings Bank v. Abbott (C. C.) 131 Fed. 980, 982, Judge Putnam had before him a case in which the defendant filed a motion to dismiss, on the ground that the court had no jurisdiction. In that case the defendants said that the merits of the case, as stated in the bill, gave no jurisdiction to the court. Judge Putnam said:

"On a motion to dismiss for want of jurisdiction it is not to be expected that the court will ordinarily enter on a discussion of the merits. If the case shows a bona fide claim within the jurisdiction of the court, with a reasonable plausibility in support thereof, it behooves the court to pass on the merits on a formal plea, demurrer, or answer, rather than summarily on a motion to dismiss. * * * As it is apparent that the complainant, in good faith, seeks to proceed in a controversy which it in good faith regards as within our jurisdiction, we feel authorized, on a motion to dismiss for want of jurisdiction, to decline any discussion of the merits so far as it is possible for us so to do. Not only is this the more convenient practice, but it protects against a hasty adjudication on a summary proceeding with reference to substantial questions."

In Ralston Steel Car Co. v. National Dump Car Co. (D. C.) 222 Fed. 590, this court held that, under our practice, the federal courts are inclined to allow a case in equity, involving important questions, to proceed to answer and proofs where a doubtful question is raised by the pleadings, and that it has been the practice to overrule a demurrer unless it is founded upon an absolutely clear proposition; that, taking the allegations to be true, the bill must be dismissed at the hearing.

Upon examination of the bill I find that the attack upon the jurisdiction of the court cannot be sustained. The motion to dismiss is denied.