2004 ME 17

**Richard ARCHER**

v.

**MDS BUILDING, INC., et al.**

Supreme Judicial Court of Maine.

Argued: Oct. 15, 2003.

Decided: Feb. 12, 2004.

---

Michael J. Dostie (orally), Tucker & Dostie, P.A., Bangor, for employee.

Paul H. Sighinolfi, Anne–Marie L. Storey (orally), Rudman & Winchell, LLC, Bangor, for employer.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] A decision of a hearing officer of the Workers' Compensation Board (Pelletier, HO) awarded specific loss benefits to the employee, Richard Archer, related to the loss of his left thumb and index finger in a work-related incident. 39–A M.R.S.A. § 212(3)(A) & (B) (2001). The hearing officer, however, did not award specific loss benefits for the loss of Archer's great toe, which was amputated and reattached to his hand to replace his missing thumb. In his appeal from that decision, Archer contends that the failure to award specific loss benefits for the loss of his great toe was error. 39–A M.R.S.A. § 212(3)(G) (2001). We agree, and vacate the decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

[¶ 2] The essential facts are not in dispute. Archer suffered a work-related amputation injury on August 7, 2001, during his employment with MDS Building, Inc., while using a miter saw, losing his left thumb and index finger. In order to restore some function to his hand, Archer elected to have his left big toe amputated and re-planted in the place of his missing thumb.

[¶ 3] Archer filed a petition for award seeking specific loss benefits for the loss of his thumb, index finger, and great toe. 39–A M.R.S.A. § 212(3). The hearing officer granted in part the petition for specific loss benefits, awarding 65 weeks of benefits for the loss of Archer's thumb and 38 weeks for the loss of his index finger, for a total of 103 weeks of total incapacity benefits. Although the hearing officer found that the toe-to-thumb amputation and transfer was "a reasonable and proper medical procedure causally connected to the original injury," the hearing officer did not award benefits for the loss of the employee's toe, stating:

While it is true that Maine law has long recognized the compensability of complications from medical treatment causally related to a work injury, I find that because the loss of the great toe was not a *necessary* consequence of the work-related injury itself, and was in the final analysis, an *elective* procedure, the employee is not entitled to specific loss benefits under Section 212. Moreover, the employee is seeking compensation for the loss of three digits, when in reality, he has lost only two. Although he certainly has chosen to put the third digit (the toe) to a different use (as a thumb). That is not to say, however, that the surgical procedure was not reasonable and proper and therefore, not compensable under Section 206 of the Act. In addition, the effects of all the losses on the employee's earning capacity pursuant to [39–A M.R.S.A. § 212(1) (2001) and 39–A M.R.S.A. § 213 (2001 & Supp.2003)] must also be considered by the Board.

The hearing officer denied the employee's motion for further findings of fact and

conclusions of law, and we granted the employee's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (2001).

## II. DISCUSSION

[¶ 4] Section 212 provides, in pertinent part:

**3. Specific loss benefits.** In cases included in the following schedule, the incapacity is considered to continue for the period specified, and the compensation due is 80% of the after-tax average weekly wage subject to the maximum benefit set in section 211. Compensation under this subsection is available only for the actual loss of the following:

A.  Thumb, 65 weeks;

B.  First finger, 38 weeks;

. . . .

G.  Great toe, 33 weeks;

. . . .

39–A M.R.S.A. § 212(3).

[¶ 5] We have previously stated that specific loss benefits are not available for impairment of a body part, but only for actual amputation. *See Gibbs v. Fraser Paper, Ltd.*, 1997 ME 225, ¶ 7, 703 A.2d 1256, 1258. In this case, the employee's big toe has been amputated within the meaning of section 212.

[¶ 6] The hearing officer concluded that the amputation, and "re-plantation" of the employee's big toe was "elective," and, therefore, not a subject for specific loss benefits. Although it certainly was elective, the procedure was reasonable and proper, was undergone to return Archer to the workforce, and involved an amputation. It is well established in Maine that employers are liable for the consequences of reasonable and proper medical treatment related to workers' compensation injuries. *See, e.g., Moreau v. Zayre Corp.*, 408 A.2d 1289, 1293–94 (Me.1979). The amputation of the toe from Archer's foot was a direct consequence of reasonable and proper medical treatment for a work-related injury. Accordingly, Archer is entitled to specific loss benefits for the loss of his toe.

The entry is:

Decision of the hearing officer is vacated and remanded to the Workers' Compensation Board for further proceedings consistent with this opinion.