[L.A. No. 31683. July 28, 1983.]

BRAEWOOD CONVALESCENT HOSPITAL et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and
EUGENE BOLTON, Respondents.

160

COUNSEL

Dean Rogers, Schummer & Barton and Ross M. Barton for Petitioners.

Leland D. Starkey and Pauline Nightingale for Respondents.

OPINION

RICHARDSON, J.—Braewood Convalescent Hospital and its workers' compensation carrier, Cypress Insurance Company (hereinafter collectively referred to as employer), seek annulment of a decision of the Workers' Compensation Appeals Board (WCAB) awarding Eugene Bolton (applicant) compensation for (1) the cost of a self-procured, out-of-state weight reduction program, (2) temporary disability during his participation in that program and (3) expenses for his future participation therein. We conclude that the WCAB acted within its authority in making the challenged awards and will affirm its decision.

STATEMENT OF THE CASE

On January 6, 1978, applicant, while employed as a cook for employer, slipped and sustained injuries to his back and right elbow. At that time applicant, who had been chronically overweight since childhood, weighed approximately 422 pounds. Employer provided temporary disability benefits while applicant undertook treatment for his back injury.

Dr. Wells, applicant's personal treating physician, and two of employer's physicians joined in recommending that applicant lose weight in order to facilitate his recovery from his injuries. Applicant unsuccessfully had undertaken numerous weight reduction programs throughout his life, and at the time of the accident, was participating in a weight loss program; he claimed, however, not improbably, that this latest program "had not been too successful." None of the physicians recommended a *specific* weight reduction program, nor had the employer offered to pay for any such program.

Upon the recommendation of a close friend, who had participated successfully in a regimen of the Duke University Medical Center obesity clinic in Durham, North Carolina (hereinafter Clinic), applicant enrolled in the Clinic in February 1979. Applicant described the Clinic, which provides closely supervised, live-in treatment, as the "number one obesity clinic in the world." With the consent and support of Dr. Wells, applicant participated in the Clinic until November 1979. During that period he lost approximately 175 pounds. Dr. Wells, in a letter dated June 29, 1979, reiterated that it is "imperative [applicant] lose weight to obtain relief from his industrial injury . . . [and that Dr. Wells] is in total agreement with the program and believes it is an integral part of his treatment."

By November 1979, applicant could no longer afford to continue with the Clinic. He returned to California and commenced work as a parttime security guard, continuing with a modified version of the Clinic program under local medical supervision. During the two months period from November 10, 1979, to January 8, 1980, he regained 16 pounds.

Applicant filed a claim for reimbursement of his Clinic's expenses, including requests for medical, lodging, special diet and transportation costs. The workers' compensation judge (WCJ) made awards, inter alia, for applicant's temporary disability *prior* to his enrollment in the Clinic, for the cost of the Clinic and for future participation therein, observing that reimbursement for the Clinic costs was justified by the employer's failure to provide applicant with any alternative weight reduction program.

Employer sought reconsideration, challenging the award for past and future self-procured medical treatment. On its own motion, the WCAB granted reconsideration of the WCJ's failure to award temporary disability benefits during the time of applicant's treatment at the Clinic. (See Lab. Code, § 5906; all further statutory references are to this code.)

After reconsideration, the WCAB affirmed the WCJ's award for self-procured past and future medical treatment and extended the temporary disability award to include the period of treatment outside California.

On appeal employer contends that the WCAB erred in awarding (1) reimbursement for the expenses of any self-procured weight reduction program, (2) temporary disability for the time that applicant spent in the Clinic, and (3) compensation for future medical treatment in the form of a continuing weight reduction program.

### DISCUSSION

■ The appropriate standard of review in resolving the employer's challenges to the WCAB action is described in section 5952, which states, insofar as relevant: "The review by the court shall not be extended further than to determine, based upon the entire record . . . whether: [¶] (a) The appeals board acted without or in excess of its powers . . . [¶] (c) The order, decision, or award was unreasonable. [¶] (d) The order, decision, or award was not supported by substantial evidence. [¶] (e) If findings of fact are made, such findings of fact support the order, decision, or award under review. [¶] Nothing in this section shall permit the court to hold a trial de novo, to take evidence, or to exercise its independent judgment on the evidence."

The term "substantial evidence" means evidence "which, if true, has probative force on the issues. It is more than a mere scintilla, and means such relevant evidence as *a reasonable mind might accept as adequate to support a conclusion* . . . . It must be *reasonable in nature, credible, and of solid value* . . . ." (*Insurance Co. of North America* v. *Workers' Comp. Appeals Bd.* (1981) 122 Cal.App.3d 905, 910 [176 Cal.Rptr. 365, italics in original, quotation marks omitted; *Estate of Teed* (1952) 112 Cal.App.2d 638, 644 [247 P.2d 54].) It has been said that "The substantial evidence test is not a vehicle for [a court] to superimpose its judgment upon that of the Board." (*Mendoza* v. *Workers' Comp. Appeals Bd.* (1976) 54 Cal.App.3d 820, 823 [127 Cal.Rptr. 173].) The court may not simply isolate evidence which supports or disapproves the board's conclusions and ignore other relevant facts which rebut or explain the supporting evidence, but must examine the entire record. (*Garza* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 317 [90 Cal.Rptr. 355, 475 P.2d 451]; *LeVesque* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 637 [83 Cal.Rptr. 208, 463 P.2d 432]; cf. *Martori Brothers Distributors* v. *Agricultural Labor Relations Bd.* (1981) 29 Cal.3d 721, 727 [175 Cal.Rptr. 626, 631 P.2d 60].) The board's findings on factual questions are conclusive if supported by substantial evidence. (*Martori Brothers, supra.*)

We turn to the merits.

1. *Reimbursement for Self-procured Treatment*

■ Is applicant entitled to reimbursement for his participation in a self-procured weight reduction program?

Section 4600 provides that, "Medical, surgical . . . and hospital treatment, including nursing, medicines, [and] medical . . . supplies, . . . which is reasonably required to cure or relieve from the effects of the injury shall be provided by the employer. In the case of his neglect or refusal seasonably to do so, the employer is liable for the reasonable expense incurred by or on behalf of the employee in providing treatment. After 30 days from the date the injury is reported, the employee may be treated by a physician of his own choice or at a facility of his own choice within a reasonable geographic area."

■, ■ Thus, the employer is given initial authority to control the course of the injured employee's medical care. (*Voss* v. *Workmen's Comp. Appeals Bd.* (1974) 10 Cal.3d 583, 588 [111 Cal.Rptr. 241, 516 P.2d 1377]; *McCoy* v. *Industrial Acc. Com.* (1966) 64 Cal.2d 82, 86 [48 Cal.Rptr. 858, 410 P.2d 362].) Section 4600 requires more than a passive willingness on the part of the employer to respond to a demand or request for medical aid. (*McCoy, supra,* at p. 89; *Myers* v. *Industrial Acc. Com.* (1923) 191 Cal. 673, 679 [218 P. 11].) This section requires some degree of active effort to bring to the injured employee the necessary relief. (*Myers, supra.*) Upon notice of the injury, the employer must specifically instruct the employee what to do and whom to see, and if the employer fails or refuses to do so, then he loses the right to control the employee's medical care and becomes liable for the reasonable value of self-procured medical treatment. (*Voss, supra,* 10 Cal.3d at p. 588; *McCoy, supra,* 64 Cal.2d at p. 86; *Draney* v. *Industrial Acc. Com.* (1949) 95 Cal.App.2d 64, 67-68 [212 P.2d 49]; *County of L. A.* v. *Industrial Acc. Com.* (1936) 13 Cal.App.2d 69, 74 [56 P.2d 577].)

■ It is a long accepted workers' compensation rule that the employer takes the employee as he finds him. (*Lamb* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 274, 282 [113 Cal.Rptr. 162, 520 P.2d 978]; *Ballard* v. *Workmen's Comp. App. Bd.* (1971) 3 Cal.3d 832, 837 [92 Cal.Rptr. 1, 478 P.2d 937].) Thus, an employee who suffers from a preexisting condition and is thereafter disabled by an industrial injury is entitled to compensation and reimbursement of medical expense, even though a healthy person would not have been injured by the event. (*Ibid.*) This is so even though the specific treatment is for a nonindustrial condition which must be treated in order to cure or relieve the effects of the industrial injury. (*Granado* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399, 405-406 [71 Cal.Rptr. 678, 445 P.2d 294]; *Dorman* v. *Workers' Comp. Appeals Bd.* (1978) 78

Cal.App.3d 1009, 1020 [144 Cal.Rptr. 573]; *McGlinn* v. *Workers' Comp. Appeals Bd.* (1977) 68 Cal.App.3d 527, 535 [137 Cal.Rptr. 326]; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, § 16.03 [1], [2].) While such expenses, in order to be compensable, must be reasonably necessary to cure or relieve the effects of an industrial injury, the statutes do not require any finding of disability, temporary or permanent, as a condition to such recovery. (*Cedillo* v. *Workmen's Comp. Appeals Bd.* (1971) 5 Cal.3d 450, 454 [96 Cal.Rptr. 471, 487 P.2d 1039].)

 Here, applicant was injured on the job and employer was fully aware of the injury. Applicant was directed by three physicians, including two of employer's physicians, to lose weight in order to obtain relief from, and to aid in the cure of, his industrial injury. He was advised to participate in a careful program of weight reduction. All three physicians acknowledged that applicant had been extremely overweight all his life, had unsuccessfully participated in many weight loss programs and was, at that time, involved in such a program with only limited success. At no time did any of the physicians recommend a specific weight reduction program, nor did the employer ever offer to reimburse applicant for the expenses incurred in such program.

Thus, while employer initially had the right to direct applicant to a specific program, that right was lost as a result of employer's failure to act by identifying and offering such an alternative program. At that point applicant acquired the right to choose for himself which program he reasonably might undertake. The right to appropriate reimbursement was a part and parcel of the proper exercise of applicant's right to choose.

As we have noted, section 4600 imposes liability on the employer for the reasonable cost of self-procured medical treatment furnished to an employee within a reasonable geographic area. (§ 4600; *McCoy, supra,* 64 Cal.2d at p. 86.) Was the treatment at the "number one obesity clinic in the world," located 3,000 miles from applicant's home reasonable, both as to cost and location?

California Administrative Code, title 8, section 10635, states, in relevant part: "When the evidence adduced in a case . . . demonstrates that expenses which are covered by Labor Code Section 4600 were incurred, recovery thereof will be allowed as they appear, unless [¶] (1) proof of unreasonableness is entered by the party contesting the reasonableness of the charge, or [¶] (2) the record of said cause . . . makes manifest the unreasonableness of an expense or the expenses claimed." Thus, medical expenses, if identified in section 4600, are presumed reasonable unless the employer dem-

onstrates that they are not, or unless their unreasonableness is so blatant as to be self-evident.

Consistent with section 4600 applicant presented evidence which demonstrated that his cost of attending the Clinic, itemizing his expenses for medical treatment, food, shelter and transportation, was in the aggregate sum of $7,725.91 for 10 months' treatment. Employer, in response, presented neither evidence that the cost of the Clinic was unreasonable nor testimony as to the reasonable cost of such treatment. Thus, no comparative costs were introduced and the board was justified in relying entirely on the testimony and documentation presented by applicant.

■ While the interest of a witness may be a factor warranting rejection of even uncontradicted evidence in some circumstances, the interest of a party in obtaining relief does not automatically render his testimony questionable. (*Leonard* v. *Watsonville Community Hosp.* (1956) 47 Cal.2d 509, 518 [305 P.2d 36].) Further, when a party testifies to facts favorable to his own position and any contradictory evidence is within the ability of the opposing party to produce, the latter party's failure to bring forth such evidence will require acceptance of the uncontradicted testimony unless there is some other rational basis for disbelieving it. (*Martori Brothers, supra,* 29 Cal.3d at p. 728.) Inasmuch as none of applicant's evidence has been contradicted or impeached, we accept as true the import of such evidence. (*McAllister* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 408, 413 [71 Cal.Rptr. 697, 445 P.2d 313]; *Sully-Miller Contracting Co.* v. *Workers' Comp. Appeals Bd.* (1980) 107 Cal.App.3d 916, 925 [166 Cal.Rptr. 111]; *Amico* v. *Workmen's Comp. Appeals Bd.* (1974) 43 Cal.App.3d 592, 598 [117 Cal.Rptr. 831].)

■ In connection with the geographic aspect of the applicant's claim, again, the employer has failed to present evidence on the issue. California Administrative Code, title 8, section 9780, subdivision (e), insofar as relevant, states: "'Reasonable geographic area' within the context of Labor Code Section 4600 shall be determined by giving consideration to: [¶] (1) The employee's domicile, place of employment and place where the injury occurred; [¶] (2) The availability [locally] of physicians in the fields of practice, and facilities offering treatment reasonably required to cure or relieve the employee from the effects of the injury; [¶] (3) The employee's medical history."

While the first element of the geographic test (employee's domicile etc.), taken alone, might support a claim of unreasonableness because of the great distance between the Clinic and his domicile, the totality of the evidence

presented supports the reasonableness of the location, as concluded by the WCAB. We note that the mere fact that the treatment was obtained outside of California, standing alone, does not invalidate applicant's claim under section 4600 because both statutory and case law contemplate that payment is appropriate for expenses "incurred without the territorial limits of this state." (§ 5305, *State Compensation Ins. Fund.* v. *Workers' Comp. Appeals Bd.* (1977) 69 Cal.App.3d 884, 889 [138 Cal.Rptr. 509].)

In order to support a finding that the applicant's geographic location for medical treatment is unreasonable, the employer must present evidence demonstrating the availability of a similar, or equally effective program in a more limited geographic area closer to applicant's domicile. While section 4600 requires that the applicant's medical treatment choice be located within a reasonable geographic area, as defined by the Administrative Code, in the present case employer has produced no comparative evidence contradicting applicant's claim that Clinic's location is geographically reasonable in light of his needs. Applicant testified that he had a life-long obesity problem which he had been unsuccessful in treating with traditional weight loss methods. He further testified that to his knowledge, the Clinic was a unique facility. The record establishes that, in fact, the Clinic achieved remarkable results in his case.

■ We have consistently held that the Workers' Compensation Act is to be construed liberally for the purpose of extending its benefits for the protection of persons injured in the course of their employment (*McCoy, supra,* 64 Cal.2d at p. 86). ■ Because applicant's evidence has not been impeached, we conclude that the WCAB's award for reimbursement of Clinic expenses is based upon substantial evidence and, therefore, was proper.

### 2. *Temporary Disability During Participation in the Program*

Employer urges that applicant is not entitled to an award of temporary disability for the period during which he participated in the program because such participation was not reasonably necessary to facilitate applicant's recovery. ■ An employer is under a statutorily imposed duty to pay temporary disability compensation for the period during which an injured employee, while unable to work, is undergoing medical diagnostic procedure and treatment for an industrial injury. (§ 4600; *Granado, supra,* 69 Cal.2d at p. 403.) The primary purpose of a temporary disability award being to compensate for wage loss (*ibid.; Allied Compensation Ins. Co.* v. *Industrial Acc. Com.* (1963) 211 Cal.App.2d 821, 831 [27 Cal.Rptr. 918]), that purpose was served by the award here.

Employer presented no evidence demonstrating that applicant should not be considered to be temporarily disabled during his participation in the Clinic. On the other hand, applicant did present evidence demonstrating that he was unable to work while being treated at the Clinic. He also submitted a letter from Dr. Wells, dated December 13, 1979, commenting on his "remarkable progress," but noting that applicant still was experiencing limited motion of the lumbosacral spine, concluding that he should be considered temporarily disabled until the completion of the weight reduction program. ■ While this letter reflects the conclusion of only one physician, it is well established that the relevant and considered opinion of one physician may constitute substantial evidence in support of a factual determination of the WCAB. (*LaVesque, supra,* 1 Cal.3d at p. 639; *Smith* v. *Workmen's Comp. App. Bd.* (1969) 71 Cal.2d 588, 592 [78 Cal.Rptr. 718, 455 P.2d 822]; *Nuelle* v. *Workers' Comp. Appeals Bd.* (1979) 92 Cal.App.3d 239, 246 [154 Cal.Rptr. 707]; *Market Basket* v. *Workers' Comp. Appeals Bd.* (1978) 86 Cal.App.3d 137, 144 [149 Cal.Rptr. 872].) We uphold the WCAB's award of temporary disability.

### 3. *Future Medical Treatment*

■ We are also unable to accept employer's final contention that applicant is not entitled to future medical treatment because his industrial injury has become permanent and also because his weight problem is incurable. Employer essentially argues that the purpose of section 4600 is to provide benefits until the employee's ailment is cured, and that if such ailment is not curable, then the disability should be deemed permanent and medical treatment benefits should cease.

Employer, however, overlooks the wording of section 4600, which authorizes treatment required to "cure *or relieve* from the effects of the injury . . . ." (Italics added; see *Fidelity etc. Co.* v. *Dept. of Indus. Relations* (1929) 207 Cal. 144, 150 [277 P. 492].) Applicant presented the recommendations from both Dr. Wells and Dr. Compton that he continue losing weight in order to relieve him from the effects of the industrial injury. Such evidence is sufficient to support the board's award of future medical treatment. (*LeVesque, supra,* 1 Cal.3d at p. 639.) The present treatment aimed at affording applicant relief from the effects of an industrial injury represents a compensable expense under section 4600.

On the evidentiary record before us, we affirm the WCAB's award in its entirety.

Bird, C. J., Mosk, J., Broussard, J., Reynoso, J., Grodin, J., and Rickles, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.