[No. B010312. Second Dist., Div. 7. Oct. 9, 1985.]

BILLY M. COOPER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
GENERAL ELECTRIC COMPANY et al., Respondents.

---

**COUNSEL**

Andrew J. Smolich for Petitioner.

Evans, Dalbey, Cumming & Malter and Barry F. Evans for Respondents.

OPINION

**THOMPSON, J.**—Petitioner Billy M. Cooper (applicant) seeks review of the decision of respondent Workers' Compensation Appeals Board (Board) setting aside the finding of the workers' compensation judge (WCJ) that applicant sustained injury to his psyche in the course of his employment by respondent General Electric Company (GE).

We hold that the Board's decision must be annulled since the WCJ correctly found that applicant sustained psychiatric injury in the course of his employment.

*Facts*

Applicant Billy M. Cooper filed an application for adjudication of claim alleging industrial injury to his ears, cardiovascular system, respiratory system, and gastrointestinal system while employed as an inspector repairman with GE from June 11, 1946, through July 30, 1976.

In early 1973, applicant's union at GE provided medical evaluations for employees who had asbestos exposure. Applicant testified that this medical examination was paid for by GE. At that time applicant was examined by Drs. Merliss and Dahlgren. Dr. Merliss opined that applicant suffered from a "diffuse pulmonary disorder . . . due in part to smoking and in part to the inhalation of asbestos." Dr. Dahlgren diagnosed applicant's condition as "asbestosis from which he is permanently and totally disabled." Applicant thereafter continued under the care of Dr. Dahlgren.

Dr. Patrick A. Mauer opined applicant did not have any evidence of asbestos related disease but rather chronic bronchitis due to smoking. In his discussion, Dr. Mauer further stated: ". . . . Because of all of the procedures and Dr. Dahlgren's firm conviction that Mr. Cooper does have asbestosis, Mr. Cooper is firmly convinced that he is dying of asbestosis . . . . Even if Mr. Cooper does have some degree of asbestos disease, there is certainly no evidence that he is dying of it, and on the basis of his pulmonary function studies there is absolutely no reason to believe that he is disabled in the least by it. I think it is indeed unfortunate that Mr. Cooper has found himself in the position of being convinced that he has a fatal illness on such meagre grounds."

Dr. John F. Miley, the independent medical examiner (IME), concluded that applicant had "no significant lung disease at all and is not remotely disabled. . . ." Dr. Miley was of the opinion that applicant suffered from "conversion hysteria with moderate to marked depression and anxiety"

which was in "no way industrial in causation and/or aggravation" and was purely the result of a "mistaken diagnosis rendered to the patient by Dr. Reuben Merliss and Dr. James Dahlgren . . . ."

Relying on the medical reports of Drs. Mauer and Miley the WCJ concluded applicant was not suffering from asbestosis. However, with regard to the psychiatric injury the WCJ concluded:

"It is unrebutted that applicant was exposed to some asbestos, which was used in electric cords until 1972. It was because of this exposure that applicant was referred to a physician to determine if this asbestos exposure represented a health hazard.

"It is because of this asbestos exposure, coupled with the medical evaluation, that has produced the injury to the psyche. This thread of events has its beginning in a concern for the exposure to asbestos in the employment environment. The diagnosis precipitated the psychiatric disability . . . .

"It is the fact the employment environment contained asbestos which triggered the events herein. It was this which proximately caused the psyche injury."

The Board granted reconsideration and, in a 2-1 decision, set aside the WCJ's findings and award. The Board majority opined the evidence failed to justify the finding of an industrial psychiatric injury, reasoning that applicant's "psychiatric difficulties were precipitated not by any condition at work but by the diagnosis of asbestos disease (which may be incorrect) reached by his own evaluating physician. It has not been established that there was harmful exposure of *any kind* (physical or emotional) at applicant's work."

*Discussion*

I

■■ ■■■ Applicant's contention that the finding of no industrial pulmonary injury is not supported by substantial evidence was not raised on reconsideration before the Board and is thus waived. (Labor Code, § 5904;

*U.S. Auto Stores* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 469, 477 [93 Cal.Rptr. 575, 482 P.2d 199].)[1]

## II

To be compensable, an injury must arise out of the employment, occur in the course of employment and be proximately caused by the employment. (Lab. Code, § 3600;[2] *Twentieth Century-Fox Film Corp.* v. *Workers' Comp. Appeals Bd.* (1983) 141 Cal.App.3d 778, 782-783 [190 Cal.Rptr. 560].) ▮ The crucial question in the instant action is whether there is a sufficient causal connection between applicant's employment and his psychiatric condition to establish that his psychiatric illness was work-related and thus arose out of his employment within the meaning of Labor Code section 3600. (*Rodgers* v. *Workers' Comp. Appeals Bd.* (1985) 168 Cal.App.3d 567, 574 [214 Cal.Rptr. 303].)

▮ Preliminarily, we note that Labor Code section 3600, a provision of the Workers' Compensation Act, is to be liberally construed in favor of extending compensation benefits to the injured worker, and all reasonable doubts whether the injury arose out of the employment are to be resolved liberally in favor of the employee. (Cal. Const., art. XIV, § 4; Lab. Code, § 3202; *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626-627 [170 Cal.Rptr. 32, 620 P.2d 618]; *Garza* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 317 [90 Cal.Rptr. 355, 475 P.2d 451]; *Industrial*

---

[1] Had this issue properly been brought before this court on review, the WCJ's finding of no industrial pulmonary injury would have been upheld. In light of the well-settled principle that the relevant and considered opinion of one physician, though inconsistent with others, may constitute substantial evidence (*Market Basket* v. *Workers' Comp. Appeals Bd.* (1978) 86 Cal.App.3d 137, 144 [149 Cal.Rptr. 872]; cf. *Braewood Convalescent Hospital* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 159, 169 [193 Cal.Rptr. 157, 666 P.2d 14]), based on a review of the entire record, the opinions of Dr. Mauer and Dr. Miley constituted substantial evidence justifying denial of benefits for applicant's alleged asbestos-related disease. (Lab. Code, § 5952, subd. (d); *Lamb* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 274, 280-281 [113 Cal.Rptr. 162, 520 P.2d 978].)

[2] Labor Code section 3600, subdivision (a), provides as follows:

"Liability for . . . compensation . . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . in those cases where the following conditions of compensation concur:

"(1) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division.

"(2) Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment.

"(3) Where the injury is proximately caused by the employment, either with or without negligence."

Subsections (4) through (8) of subdivision (a) in essence consist of exclusions of liability where the injury results from the employee's intoxication, self-inflicted injury, suicide or injury in an altercation, which acts are not involved in the instant case.

*Indemnity Co.* v. *Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 633, 637-638 [211 Cal.Rptr. 683]; *Laines* v. *Workmen's Comp. Appeals Bd.* (1975) 48 Cal.App.3d 872, 878 [122 Cal.Rptr. 139].) The Supreme Court "has repeatedly recognized that a rule of liberal construction should be applied to all aspects of workers' compensation law." (*LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234, 241 [193 Cal.Rptr. 547, 666 P.2d 989]; *Webb* v. *Workers' Comp. Appeals Bd.*, *supra*, 28 Cal.3d at p. 626; *Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd.*, *supra*, 165 Cal.App.3d at p. 638.)

█ Labor Code section 3600 imposes workers' compensation liability on the employer, regardless of negligence, when the employment is one of the contributing causes without which the injury would not have occurred. (*Albertson's, Inc.* v. *Workers' Comp. Appeals Bd.* (1982) 131 Cal.App.3d 308, 316 [182 Cal.Rptr. 304].) The phrase "proximately caused by the employment" in section 3600 merely means that the injury must be employment-caused or connected in the sense that there be a cause and effect relationship between the employment and the injury. (*Rodgers* v. *Worker's Comp. Appeals Bd.*, *supra*, 168 Cal.App.3d at p. 574.) The narrow definition of causation in tort law has been rejected in workers' compensation law. (*Ibid.*)

█ But for applicant's asbestos exposure in his workplace at GE, he would not have been referred by his union to a medical examination to detect the presence of an asbestos-related disease. Statutory authority permits an applicant to seek medical treatment for what he perceives to be an industrial injury. (*Albertson's, Inc.* v. *Workers' Comp. Appeals Bd.*, *supra*, 131 Cal.App.3d at p. 315.)[3] Submitting to this medical survey, applicant was diagnosed as having asbestos disease whereupon he also developed a psychiatric disorder. This medical treatment of asbestosis precipitated the applicant's psychiatric disability, irrespective of the subsequent determination by the WCJ that he was not in fact suffering from asbestosis.

Thus, but for the employment related diagnosis of asbestosis, applicant's psychiatric disability would not have occurred. (See *Rodgers* v. *Workers' Comp. Appeals Bd.*, *supra*, 168 Cal.App.3d at p. 574.) Hence the psychiatric disability was proximately caused by the employment within the meaning of Labor Code section 3600, despite the WCJ's conclusion that there was no underlying lung damage. Accordingly, the Board erred in setting aside the WCJ's finding of industrial psychiatric injury which was supported

---

[3]Labor Code section 4600 provides in pertinent part: "Medical, surgical, chiropractic, and hospital treatment, including nursing, medicines, medical and surgical supplies, crutches, and apparatus, including artificial members, which is reasonably required to cure or relieve from the effects of the injury shall be provided by the employer. . . ."

by substantial evidence in light of the entire record, especially when considered in light of the Labor Code section 3202 policy of liberal construction in favor of the employee. (*Maher* v. *Workers' Comp. Appeals Bd.* (1983) 33 Cal.3d 729, 732-733 [190 Cal.Rptr. 904, 661 P.2d 1058]; *Lamb* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 274, at pp. 280-281 [113 Cal.Rptr. 162, 520 P.2d 978].)

In view of our conclusion that the Board erred as a matter of law in setting aside the WCJ's finding that applicant's psychiatric injury arose out of and in the course of his employment, the Board's decision must be annulled.

The December 14, 1984 decision after reconsideration of respondent Workers' Compensation Appeals Board is annulled.

Johnson, J., concurred.

**LILLIE, P. J.**—I respectfully dissent and would affirm the Workers' Compensation Appeals Board's (Board) decision.

Applicant, of course, had the burden of proving by a preponderance of the evidence that his alleged psychiatric injury arose out of and in the course of his employment. (Lab. Code, §§ 3202.5, 3600, 5705; *Wehr* v. *Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 188, 193 [211 Cal.Rptr. 321]; *California State Polytechnic University* v. *Workers' Comp. Appeals Bd.* (1982) 127 Cal.App.3d 514, 520 [179 Cal.Rptr. 605]; Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) § 8.45, p. 316.) " 'Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." (Lab. Code, § 3202.5; see *Wehr* v. *Workers' Comp. Appeals Bd., supra,* 165 Cal.App.3d at pp. 193-194.)

It is well settled that to be compensable under Labor Code section 3600, an injury must both "*arise out of* and be *in the course of* employment." (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1982) 133 Cal.App.3d 643, 652 [184 Cal.Rptr. 111], original italics.) Generally, the phrase, "arise out of employment," refers to a causal connection between the employment and the injury. (*Ibid.*)

In determining whether applicant met his burden of proving a causal connection between his employment and the psychiatric injury so as to establish that his injury arose out of the employment, the Board, as ultimate trier of fact, was empowered to rescind the WCJ's decision upon concluding that applicant did not meet his burden of proof by a preponderance of the evi-

dence. (Lab. Code, §§ 3202.5, 5906, 5907; *Wehr* v. *Workers' Comp. Appeals Bd.*, *supra*, 165 Cal.App.3d at p. 194.)

Here, in correctly concluding that applicant did not meet his burden of proving industrial causation, the Board stated in its decision: "Applicant's psychiatric problems are not industrial. The record is, to say the least, insufficient upon which to conclude that he contracted asbestos disease or any other physical ailment due to his work environment, and the workers' compensation judge found no work-related *physical* problems. His psychiatric difficulties were precipitated not by any condition at work but by the diagnosis of asbestos disease (which may be incorrect) reached by his own evaluating physician. It has not been established that there was harmful exposure of *any kind* (physical or emotional) at applicant's work." (Original italics.)

The majority's reliance on the Labor Code section 3202 rule of liberal construction in annulling the Board's decision is misplaced. The Legislature has expressly provided that "[n]othing contained in Section 3202 shall be construed as relieving a party from meeting the evidentiary burden of proof by a preponderance of the evidence." (Lab. Code, § 3202.5.)

Petitioner's application for review by the Supreme Court was denied December 31, 1985. Lucas, J., was of the opinion that the application should be granted.