[No. B056619. Second Dist., Div. Four. Mar. 20, 1992.]

SAM C. GOULD, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, CITY OF LOS
ANGELES et al., Respondents.

**COUNSEL**

Kathe R. Moore and Barry Satzman for Petitioner.

Kumetz & Glick, Fred J. Kumetz, Steven N. Katznelson, Catherine I. Hanson and Gregory M. Abrams as Amici Curiae on behalf of Petitioner.

James K. Hahn, City Attorney, Garrett Kuehn, Assistant City Attorney, and Robert M. Unruh, Deputy City Attorney, for Respondents.

Haworth, Bradshaw & Chaney, C. Gordon Taylor, Mullen & Filippi, William J. Armstrong, Thomas Allen Aceituno, Jeanlaurie Ainsworth and Bruce C. Wood as Amici Curiae on behalf of Respondents.

---

### OPINION

**WOODS (A. M.), P. J.**—Joseph Mayo and Christopher Allebe sustained industrial psychiatric injuries during their employment as police officers by the City of Los Angeles (City) and obtained psychiatric treatment from petitioner, Sam C. Gould, M.D., in West Los Angeles.

The issue presented is whether a physician who charges in excess of the official medical fee schedule must make a showing of "extraordinary circumstances" in order to justify that fee. We conclude that he does not and set forth factors which may be considered in determining whether fees in excess of the fee schedule are reasonable.

Pursuant to Labor Code section 5307.1, the Administrative Director of the Division of Industrial Accidents (now the Division of Workers' Compensation) adopted an official medical fee schedule containing unit values for specified procedures. (Cal. Code Regs., tit. 8, ch. 4.5, § 9791.1 [rule 9791.1].) In California Code of Regulations, title 8, chapter 4.5, section 9792 (rule 9792), conversion factors are specified. When the unit values for a specified procedure, such as psychotherapy, are multiplied by the conversion factor for the pertinent section of the schedule, the administrative director's recommended fee is obtained. Although Labor Code section 5307.1 provides that the schedule shall be revised "no less frequently than biennially," the schedule and rule 9792 were last amended in 1987.

The fee for a 45- to 50-minute psychotherapy session under the schedule is currently $98.40.[1] (Rules 9791.1 & 9792; Cal. Workers' Comp. Institute, Official Medical Fee Schedule, p. 20.) Dr. Gould presented evidence that he should receive a higher fee because he has extensive experience in treating

---

[1] In 1986, when Officer Mayo began receiving treatment from Dr. Gould, the fee for a 45- to 50-minute psychotherapy session under the schedule was $93.60. (Former Cal. Admin. Code, tit. 8, ch. 4.5, §§ 9791.1, 9792; Former Cal. Admin. Notice Register, tit. 8, Register 84, No. 35,

police officers, psychiatrists in West Los Angeles charge much more than $98.40 per session, and the cost of doing business in West Los Angeles requires that a higher fee be allowed. Respondent Workers' Compensation Appeals Board (WCAB) concluded that Dr. Gould did not present evidence of extraordinary circumstances that would justify a higher fee and he is therefore limited to the fee under the schedule. We conclude the WCAB's analysis is inconsistent with Labor Code section 5307.1 in that a showing of extraordinary circumstances is not required. We will therefore annul the WCAB's decisions and remand the matters to the WCAB.

FACTS

On March 7, 1979, in Mayo v. City of Los Angeles (1979) 77 MON 17367 (hereafter No. 77 MON 17367), the workers' compensation judge (WCJ) found Officer Mayo's industrial psychiatric injury resulted in 30.5 percent permanent disability and the need for further medical treatment. Dr. Gould provided psychiatric treatment to Officer Mayo from May 1986 to May 1990.

On January 19, 1984, in Allebe v. City of Los Angeles (1984) 82 MON 51280 (hereafter No. 82 MON 51280), the WCAB found Officer Allebe had sustained a cumulative industrial psychiatric injury during the 1968 to April 20, 1982, period of his employment by City. The parties subsequently stipulated that the injury resulted in the need for medical treatment. On May 8, 1984, the WCJ awarded further medical treatment pursuant to the stipulation. Thereafter, Officer Allebe filed a second application in which he alleged that he sustained cumulative industrial psychiatric injury during the May 1, 1982, to March 9, 1989, period of his employment as a police officer by City. (Allebe v. City of Los Angeles (WCAB, 89 MON 122192 [hereafter No. 89 MON 122192].) Dr. Gould provided psychiatric treatment to Officer Allebe from September 1988 to March 1990.

Dr. Gould provided Officers Allebe and Mayo with psychotherapy and psychotropic medication and submitted itemized statements listing each psychotherapy session.[2] In Officer Allebe's cases, Dr. Gould billed at $125 per session through 1989 and thereafter billed at $150 per session. In Officer Mayo's case, however, Dr. Gould consistently billed at $125 per session.[3] Dr. Gould did not provide a written explanation for charging fees that exceeded the amount set forth in the schedule.

p. 736.2.6.5, Register 85, No. 2, pp. 736.2.6.5-736.2.6.6; Cal. Medical Assn., 1974 Revision of the 1969 Cal. Relative Value Studies (rev. 5th ed.) p. 26.)

[2]Charges for providing and monitoring medication are not in issue.

[3]Dr. Gould presented unrebutted evidence that his usual and customary fee for each psychotherapy session through December 31, 1989, was $125. There is conflicting evidence, however, as to whether $150 per session was Dr. Gould's usual and customary fee after 1989,

At hearings in Nos. 77 MON 17367 and 82 MON 51280 on June 21, 1990, Dr. Gould testified he is a board-certified psychiatrist and he has been treating injured employees in workers' compensation cases since 1972. He has treated 300 to 400 police officers and has evaluated more than 1,000 police officers.

Dr. Gould asserted he charges the same fee for private patients as he bills for industrially injured patients. He arrived at his fee by discussing it with other psychiatrists in West Los Angeles and Los Angeles and by considering the cost of running his business. Since about December 31, 1987, the average fee charged by psychiatrists in the area has been $150 per individual psychotherapy session. Dr. Gould testified he charged $125 per session through 1989 and subsequently charged $150 per session. He was late in raising his fee.

Dr. Gould explained that the cost of treatment in Los Angeles and West Los Angeles is generally greater than the cost of treatment in other areas. He does not know of any individual in his area who charges the amount in the fee schedule. City presented no evidence.

Based on Dr. Gould's testimony, the WCJ allowed Dr. Gould's lien claims in their entirety. The WCJ stated there was no proof by City that the hourly fees charged by treating psychiatrists in the area in which Dr. Gould practices were less than the amounts charged by Dr. Gould. The WCJ found Dr. Gould's testimony indicated the reasonable value of Dr. Gould's services was between $125 and $150 per session.

City petitioned for reconsideration in both cases. However, City listed No. 89 MON 122192 rather than No. 82 MON 51280 in the caption of its petition in the Allebe matter.

On August 29, 1990, the WCAB granted City's petitions for reconsideration in Nos. 82 MON 51280 and 77 MON 17367. Relying on *Neff* v. *Vega* (1969) 34 Cal.Comp.Cases 333 (in bank) and *McMurray* v. *Workmen's Comp. Appeals Bd.* (1971) 36 Cal.Comp.Cases 81, the WCAB concluded that the official medical fee schedule should be used "[i]n the absence of a showing of extraordinary factors justifying higher fees." The WCAB stated Dr. Gould presented no evidence of extraordinary circumstances and his testimony regarding the average fee charged by other West Los Angeles and Los

since Dr. Gould billed City at $125 per session for psychotherapy sessions in 1990 in No. 77 MON 17367. On remand, the WCAB should determine whether $150 was Dr. Gould's usual and customary fee for a 45- to 50-minute individual psychotherapy session after 1989.

Angeles psychiatrists did not rebut the prima facie reasonableness of the schedule.

Dr. Gould petitioned for reconsideration of the WCAB's decision in both cases. In the caption of his petition, Dr. Gould listed Nos. "77 MON 173673 [*sic*]" and 89 MON 122192.

Thereafter, based on stipulations between Allebe and City, in No. 89 MON 122192 the WCJ found that Officer Allebe sustained a cumulative industrial psychiatric injury during the May 1, 1982, to March 9, 1989, period of his employment by City, that Officer Allebe's two cumulative industrial injuries resulted in 47½ percent permanent disability, and that the second cumulative injury resulted in a need for further medical treatment. On October 23, 1990, the WCJ awarded further medical treatment pursuant to the stipulations.

On November 20, 1990, the WCAB granted reconsideration in Nos. 77 MON 17367 and 82 MON 51280.[4] On January 16, 1991, the WCAB affirmed its prior decisions in both cases. The WCAB adopted the reasons stated in its prior decisions. The WCAB further concluded that, by relying on Labor Code section 5307.1 and rules 9791.1 and 9792, City presented a prima facie case under former California Code of Regulations, title 8, chapter 4.5, section 10635, that Dr. Gould's charges were unreasonable because they exceeded the rate set forth in the schedule and that Dr. Gould did not present sufficient evidence in rebuttal.

The WCAB declared that under *Neff* v. *Vega*, *supra*, 34 Cal.Comp.Cases 333, fees will not be allowed in amounts exceeding the schedule, absent extraordinary circumstances. Because Dr. Gould's testimony that he charged his usual and customary fee and that his fee is consistent with the amount charged by fellow practitioners in the same location was not evidence of extraordinary circumstances, the WCAB determined that Dr. Gould did not present a sufficient explanation under Labor Code section 5307.1 to justify a fee exceeding the scheduled rate.

## DISCUSSION

■ Dr. Gould contends the WCAB's decisions in the Allebe and Mayo cases should be annulled because the WCAB disregarded the language of Labor Code section 5307.1 and the WCAB's rules.

As amended in 1965, Labor Code section 5307.1 previously provided: "The administrative director may, after public hearings, adopt an official

---

[4]However, in the caption of the decision in the Allebe case, the WCAB listed No. 89 MON 122192 rather than No. 82 MON 51280.

minimum medical fee schedule." (Stats. 1965, ch. 1513, § 127, p. 3587.) Section 5307.1 was further amended in 1976. The 1976 amendment changed the name of the schedule to the official medical fee schedule and stated the schedule was to be revised at least biannually. The amendment provided that the schedule would be prima facie evidence of the reasonableness of fees charged for medical services to industrially injured employees. The amendment further provided that a physician could charge a fee in excess of that set forth in the schedule when the fee was reasonable, did not exceed the physician's usual fee, and was accompanied by itemization and explanation. (Stats. 1976, ch. 1017, § 7, p. 4596.) In 1977 the statute was amended to provide that the schedule must be revised at least biennially. (Stats. 1977, ch. 17, § 28, pp. 34-35.)[5]

Labor Code section 5307.1 currently provides in pertinent part as follows: "(a)(1) The administrative director, after public hearings, shall adopt and revise, *no less frequently than biennially,* an official medical fee schedule which shall be *prima facie evidence of the reasonableness of fees charged* for medical services provided pursuant to this division. . . . [¶] (b) *Nothing in this section shall prohibit a medical provider from charging an employer or carrier fees in excess of those set forth on the official medical fee schedule, when reasonable, and accompanied by itemization and explanation; provided, however, that in no event shall a physician charge in excess of his or her usual fee. . . .*" (Italics added.)

In *Neff* v. *Vega, supra,* 34 Cal.Comp.Cases 333, 336-337, the WCAB stated that, absent extraordinary circumstances, fees in excess of the official minimum medical fee schedule should not be allowed. In *Neff* an anesthesiologist claimed he had rendered extraordinary services because he provided anesthesia during an emergency. The anesthesiologist requested $112, a fee in excess of that set forth in the schedule. The WCAB stated: "It should be emphasized that the Minimum Fee Schedule speaks, as its title indicates, in terms of minimums. If the physician's services are performed under extraordinary circumstances, the schedule itself is amenable to appropriate adjustment. Perhaps the matter before us provides a good illustration. The applicant-physician's fee determined by strict adherence to the schedule was $82.50. Upon a claim of extraordinary services the carrier in fact paid $99.00, or $16.50 more than the schedule would have allowed. We make no ruling as to whether petitioner in these circumstances was *required* to make such an over-payment, since petitioner does not allege it overpaid applicant. However, these facts demonstrate that adjustments to the schedule can be

---

[5]Although section 5307.1 was further amended in 1984 and 1990 (Stats. 1984, ch. 596, § 5, pp. 2285-2286; Stats. 1990, ch. 1550, § 54.5), those amendments are not relevant to the present case.

and are made where appropriate." (34 Cal.Comp.Cases at pp. 336-337, italics in original.)

In *Neff* the WCAB opined that fees for emergency services should ordinarily be under the schedule, because there would otherwise be an increase in collateral litigation that would impede the constitutionally required expeditious adjudication of disputes between injured workers and their employers. (*Neff* v. *Vega, supra*, 34 Cal.Comp.Cases at p. 337, citing Cal. Const., former art. XX, § 21 [now Cal. Const., art. XIV, § 4].)[6] The WCAB declared: "In passing we note that applicant, and other persons rendering medical services, are not without remedy. If for any reason this applicant physician, any group of physicians, or the medical profession generally, deems specific fees allowed by the Minimum Fee Schedule to be inadequate, or deems the schedule generally to provide them with insufficient compensation for their services, their remedies lie not with piece-meal [*sic*], time-consuming litigation before this Board, but with the Administrative Director of the Division of Industrial Accidents through an appropriate petition to him for specific or general modifications to the Minimum Fee Schedule itself." (*Neff* v. *Vega, supra*, 34 Cal.Comp.Cases at p. 337.)

In *McMurray* v. *Workmen's Comp. Appeals Bd., supra*, 36 Cal.Comp.Cases 81, the WCAB decided a physician should be reimbursed according to the official minimum medical fee schedule. The editorial summary in California Compensation Cases does not indicate what evidence, if any, was introduced to support a higher fee.

Labor Code section 5307.1 was substantially revised after *Neff* and *McMurray* were decided. Section 5307.1 has no express requirement that extraordinary circumstances must be shown to justify a fee greater than that set forth in the schedule, and no such requirement may be inferred from the present language of the statute. Section 5307.1 simply requires that the charged fee be reasonable, accompanied by itemization and explanation, and no greater than the physician's usual fee. The WCAB's imposition of a

---

[6]California Constitution, article XIV, section 4 provides in pertinent part: "The Legislature is hereby expressly vested with plenary power . . . to create, and enforce a complete system of workers' compensation, by appropriate legislation . . . . A complete system of workers' compensation includes . . . full provision for such medical, surgical, hospital and other remedial treatment as is requisite to cure and relieve from the effects of [an industrial] injury; full provision for adequate insurance coverage against liability to pay or furnish compensation; full provision for regulating such insurance coverage in all its aspects . . . and full provision for vesting power, authority and jurisdiction in an administrative body with all the requisite governmental functions to determine any dispute or matter arising under such legislation, to the end that the administration of such legislation shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character . . . ."

requirement that the physician demonstrate extraordinary circumstances justifying a greater fee is inconsistent with the statute's lesser requirement that the fee merely be shown to be reasonable.

The Administrative Director of the Division of Industrial Accidents adopted rules 9791.1 and 9792 to implement Labor Code section 5307.1. Rule 9791.1 provides: "The Official Medical Fee Schedule adopted by the Administrative Director shall consist of the procedures, procedure numbers, descriptions, instructions, and unit values as are contained in the 1974 revision of the 1969 California Relative Value Studies, Fifth Edition, Revised, as reprinted by the California Workers' Compensation Institute in 1982 and successive supplements thereto, and as may be from time to time modified by the Administrative Director following public hearing."

Rule 9792 provides in pertinent part: "The fee is determined by the use of the Official Medical Fee Schedule as defined in Section 9791.1 of these rules. For services provided on and after July 1, 1987, the conversion factors to be applied to unit values in the Schedule are as follows:

"Determination of the Fee

"Medicine Section . . . . . . . . . . . . . . . . . . . .$6.15

" . . . . . . . . . . . . . . . . . . . . . . . . . .

"The conversion factors establish the fee, which shall be prima facie evidence of reasonableness. An employer may be charged fees in excess of those set forth in the Official Medical Fee Schedule, when reasonable, and accompanied by itemization and explanation; provided, however, that in no event shall a physician's charge be in excess of his or her usual fee."

The introduction to the 1974 revision of the revised fifth edition of the 1969 California Relative Value Studies (hereinafter the 1974 Revision of CRVS) explains: "Since the unit values and accompanying ground rules reflect medians of charges by California physicians, they do not necessarily reflect the charges of any *individual* physician *nor the pattern of charges in any specific area of California.*" (Cal. Medical Assn., 1974 Revision of CRVS, p. 8, second italics added.) The introduction further states: "Individual physicians are encouraged to establish their fees for individual services in accordance with their own estimates of the value of the service, the time spent, materials used and the economics of their own particular practices. The *Relative Value Studies* is *not* a schedule of fees, nor should it be construed as such. It may, however, be used as a 'guide' by physicians to

assist them in establishing fees, since *the relativities expressed as unit values reflect variations in average statewide charges* for those procedures that are listed along with a relative value." (*Id.* at p. 9, third italics added.)

The official medical fee schedule is a combination of the 1974 Revision of CRVS and the conversion factors listed in rule 9792. Because rule 9791.1 provides that the official medical fee schedule is based on the 1974 Revision of CRVS, the WCAB should consider the introduction to the latter in determining whether a fee in excess of the schedule is reasonable. ▪ Evidence that a physician has charged a fee similar to fees charged for the same service in the geographical area in which the physician practices does not in itself mean that the physician's fee is reasonable. The introduction to the 1974 Revision of CRVS indicates, however, that the economics of a physician's own practice and the pattern of charges in the general geographical area in which the physician practices are relevant to a determination of whether the physician's fee is reasonable. (Cf. *Peters Truck Line* v. *Workers' Comp. Appeals Bd.* (1982) 47 Cal.Comp.Cases 1319 [WCAB determined fees for hospital pharmacy items were reasonable because they were similar to charges by other hospital pharmacies in same general geographical area].) Because the WCAB required evidence of extraordinary circumstances, it did not adequately consider Dr. Gould's evidence as to why he charged fees in excess of the schedule.

▪ We disagree with the conclusion in *Neff* v. *Vega, supra,* 34 Cal.Comp. Cases at page 337, that litigation regarding physicians' fees in workers' compensation matters may be inconsistent with the constitutional provision on which the workers' compensation system is based. Although California Constitution, article XIV, section 4, states that workers' compensation matters should be resolved expeditiously, it also states that the industrially injured worker should be provided all medical treatment necessary to cure and relieve the worker from the effects of the injury and that substantial justice should be accomplished. (Also see Lab. Code, § 4600.)[7]

An industrially injured worker is entitled to quality medical care. (See *Braewood Convalescent Hospital* v. *Workers' Comp. Appeals Bd.* (1983) 34

---

[7]Labor Code section 4600 provides in pertinent part: "Medical . . . treatment . . . which is *reasonably required* to cure or relieve from the effects of the injury shall be provided by the employer. In the case of his or her neglect or refusal seasonably to do so, the employer is liable for the *reasonable expense* incurred by or on behalf of the employee in providing treatment. . . ." (Italics added.)

Labor Code section 4903 provides in pertinent part: "The appeals board may determine, and allow as liens against any sum to be paid as compensation, any amount determined as hereinafter set forth in subdivisions (a) through (i). . . . [¶] . . . (b) The *reasonable expense* incurred by or on behalf of the injured employee, as provided by Article 2 (commencing with Section 4600) . . . ." (Italics added.)

Labor Code section 4906, subdivision (a), provides in pertinent part: "No charge, claim, or agreement for . . . the expense mentioned in subdivision (b) of Section 4903, is enforceable,

Cal.3d 159, 168 [193 Cal.Rptr. 157, 666 P.2d 14] [Lab. Code, § 4600 should be liberally construed to extend benefits to industrially injured workers]; *Granado* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399, 405-406 [71 Cal.Rptr. 678, 445 P.2d 294] [medical treatment reasonably required to cure or relieve from effects of industrial injury may not be apportioned because uncertainty as to employer's liability might cause injured worker to forgo prompt treatment].) It would therefore be inappropriate to limit a physician to the amount set forth in the official medical fee schedule in those instances where it is established that the physician's fee, though in excess of the schedule, is reasonable. If the schedule were rigidly applied except in extraordinary circumstances, industrially injured workers might be denied adequate medical treatment.

■ At the time of the hearings on Dr. Gould's lien claims, former California Code of Regulations, title 8, chapter 4.5, section 10635 (former rule 10635) provided: "When the evidence adduced in a case or proceeding demonstrates that expenses which are covered by Labor Code Section 4600 were incurred, recovery thereof will be allowed as they appear, unless: [¶] (1) proof of unreasonableness is entered by the party contesting the reasonableness of the charge, or [¶] (2) the record of said cause or proceeding makes manifest the unreasonableness of an expense or the expenses claimed. [¶] When the parties stipulate to the reasonableness of a charge or agree to its payment in a compromise and release, the expense will be allowed as it appears." Former rule 10635 was repealed effective January 1, 1991.

Labor Code section 5307.1 provides that a fee pursuant to the schedule is prima facie reasonable, but recognizes that fees in excess of the schedule may also be reasonable. Because Labor Code section 4600 provides that the employer is liable for reasonable self-procured medical expenses if the employer did not promptly provide treatment and Labor Code section 5307.1 provides that fees in excess of the schedule may be reasonable, we construe former rule 10635 as requiring the employer to produce evidence that the fees were unreasonable only if sufficient evidence that the medical provider's charges were reasonable was first introduced.[8] Therefore, under former rule 10635, if sufficient evidence was introduced to establish that a physician's fee in excess of the schedule was reasonable, the employer, if it

---

valid, or binding in excess of a *reasonable amount. The appeals board may determine what constitutes a reasonable amount."* (Italics added.)

[8]In *Braewood Convalescent Hospital* v. *Workers' Comp. Appeals Bd., supra,* 34 Cal.3d 159, the court construed former rule 10635 as meaning that "medical expenses, if identified in section 4600, are presumed reasonable unless the employer demonstrates that they are not, or unless their unreasonableness is so blatant as to be self-evident." (*Braewood Convalescent Hospital* v. *Workers' Comp. Appeals Bd., supra,* at pp. 166-167.) *Braewood Convalescent Hospital* is distinguishable because there the medical service at issue was weight reduction assistance at a weight loss clinic, a matter regarding which the official medical fee schedule

contested that fact, was required to present rebuttal evidence to the contrary. The schedule itself, although evidence of reasonableness, does not constitute evidence in rebuttal.[9] In applying Labor Code section 5307.1 and former rule 10635, the WCAB placed too high a burden of proof on Dr. Gould to establish the reasonableness of his fees since it required proof of extraordinary circumstances to justify a fee in excess of the schedule.

■ Despite the mandate of Labor Code section 5307.1, subdivision (a)(1), the administrative director has not revised the official medical fee schedule since 1987. The WCAB should consider the failure of the administrative director to revise the schedule every two years as mandated by Labor Code section 5307.1 in determining whether a fee in excess of the schedule is reasonable.

Because the WCAB applied an incorrect burden of proof in deciding whether Dr. Gould was entitled to payment of fees in excess of the schedule, the Allebe and Mayo cases must be remanded for a determination of whether Dr. Gould's fees for the psychotherapy sessions were reasonable.

In deciding whether fees in excess of the schedule are reasonable, the WCAB may consider evidence regarding the medical provider's training, qualifications, and length of time in practice; the nature of the services provided; the fees usually charged by the medical provider; the fees usually charged in the general geographical area in which the services were rendered; other aspects of the economics of the medical provider's practice that are relevant; and any unusual circumstances in the case.[10] We emphasize, however, that, although unusual circumstances are a factor that may be considered, a fee in excess of the schedule may be reasonable even if no unusual circumstances are present.

■ Dr. Gould provided City with an itemization of his charges for psychotherapy. Since he did not provide a contemporaneous, written explanation, he failed to comply with the requirement in Labor Code section

provides no unit values. Because the service was not covered by the schedule, Labor Code section 5307.1 did not apply, and the Supreme Court did not discuss the relationship between section 5307.1 and former rule 10635.

[9]If the employer promptly pays the amount listed in the schedule, however, the employer will ordinarily not be liable for a penalty under Labor Code section 5814 for delay in payment for medical treatment. (See *Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223, 230 [93 Cal.Rptr. 192, 481 P.2d 200] [penalty may not be imposed for failure to pay amounts as to which employer has genuine legal doubt as to liability].)

[10]Consideration of these factors is supported by the introduction to the 1974 Revision of CRVS at pages 8 and 9 and by previous WCAB practice as reflected in *Peters Truck Line* v. *Workers' Comp. Appeals Bd.*, *supra*, 47 Cal.Comp.Cases 1319, and *Tri-City District Hospital* v. *Workers' Comp. Appeals Bd.* (1977) 42 Cal.Comp.Cases 342.

5307.1 that his request for fees in excess of the schedule be "accompanied by . . . explanation." He subsequently was allowed to present his explanation by testimony at the hearings in the Mayo and Allebe matters.

Presentation of an explanation with the bill to the employer or insurance carrier is required by section 5307.1. A contemporaneous, written explanation provides the employer with notice of the basis for a physician's request for a fee in excess of the schedule and may serve to avoid needless litigation of fees. It appears that this requirement was intended to bar recovery of any fee in excess of the schedule when not accompanied by a contemporaneous, written explanation.[11]

The record before us does not reflect that City objected at the hearings to the lack of a contemporaneous, written explanation, and City has not contended in its answer to the petition for writ of review that a written explanation was necessary or that City was prejudiced by the lack of a written explanation. We, therefore, do not find Dr. Gould's request for fees in excess of the schedule to be barred by his failure to provide a contemporaneous, written explanation.

Because the WCAB erred in requiring proof of extraordinary circumstances to justify a fee higher than the amount set forth in the schedule, the WCAB's decisions must be annulled and the matters remanded for further proceedings consistent with this opinion.

### DISPOSITION

The January 16, 1991, decisions after reconsideration by respondent Workers' Compensation Appeals Board in Mayo v. City of Los Angeles, (1991) 77 MON 17367, Allebe v. City of Los Angeles (1991) 82 MON 51280, and Allebe v. City of Los Angeles (1991) 89 MON 122192, are annulled, and the matters are remanded to the Workers' Compensation Appeals Board for proceedings consistent with the views expressed herein.

Cooper, J.,* concurred.

EPSTEIN, J.—I concur in the judgment. I write separately because I do not believe that it is necessary or appropriate in this case for the court to attempt a list of factors the Workers' Compensation Appeals Board (WCAB) should

---

[11]If compliance with this requirement represents a change in past practice, as suggested in oral argument, the WCAB and the Administrative Director of the Division of Workers' Compensation have the authority to establish rules setting forth the criteria for determining whether there has been substantial compliance. (Lab. Code, §§ 5307, 5307.3.)

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.

consider in reaching a future determination about what are reasonable fees. Language in the decision appears to do that. (Maj. opn., *ante*, p. 1071.) I am particularly concerned about some of the factors in this list, such as "other aspects of the economics of *the* medical provider's practice that are relevant" (my italics), which are open ended and may be subject to an expansive reading.

The WCAB has discretion in determining whether, and to what degree, fees in excess of the schedule are reasonable. It may, if it wishes, exercise its rule-making authority in this area. (Lab. Code, § 5307; see *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1979) 88 Cal.App.3d 43, 53 [152 Cal.Rptr. 153].) But a decision or a rule that disallows any fee over the schedule, unless justified by extraordinary circumstances related to exigencies of the treatment, cannot be reconciled with the reasonable fee provision of Labor Code section 5307.1.

That is what the board has done in this case, and that is the reason that I agree that its decisions in the matters before us must be annulled.

A petition for a rehearing was denied April 16, 1992, and respondents' petition for review by the Supreme Court was denied May 28, 1992.