[No. A114505. First Dist., Div. One. Jan. 5, 2007.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and JOSE C. ECHEVERRIA, Respondents.

1312

**COUNSEL**

Robert W. Daneri, Suzanne Ah-Tye and Don E. Clark for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Ferchland Law Office and William T. Ferchland for Respondent Jose C. Echeverria.

## OPINION

SWAGER, J.—The State Compensation Insurance Fund (State Fund) petitions for review (Labor Code, § 5952)[1] of the decision after reconsideration of the Workers' Compensation Appeals Board (Board) affirming an award to respondent, Jose C. Echeverria. State Fund contends that the award was improperly calculated using the 1997 schedule for rating permanent disabilities (PD schedule) in effect prior to January 1, 2005, rather than the new PD schedule that went into effect on that date. As will be seen, we agree and annul the award.

██ Section 4660 governs the calculation of permanent disability awards. As amended effective April 19, 2004, the section requires regular revisions in the rating schedule and, as relevant here, provides generally that "[t]he schedule and any amendment thereto or revision thereof shall apply prospectively and shall apply to and govern only those permanent disabilities that result from compensable injuries received or occurring on and after the effective date of the adoption of the schedule . . . ." (§ 4660, subd. (d).) But the section also provides that for "compensable claims arising before January 1, 2005," the new schedule "shall apply to the determination of permanent disabilities when there has been either no comprehensive medical-legal report *or no report by a treating physician indicating the existence of permanent disability.*" (§ 4660, subd. (d), italics added.)

It is undisputed that Echeverria, employed as a logger, was injured on July 21, 2004. He sustained injury to his right ankle and low back, arising out of and in the course of his employment. State Fund is the insurer for Echeverria's employer, Hiatt Logging. His injuries became permanent and stationary on June 16, 2005.

On November 15, 2004, Echeverria's counsel faxed a letter to his treating physician, Dr. Morales. The letter read:

---

[1] Further statutory references are to this code.

"Dear Dr. Morales:

"Changes have occurred in the California Workers' Compensation system. Elements of those changes may affect your patient's rights to permanent disability benefits.

"Please advise by merely signing and dating this letter if you believe permanent disability, as that term is now defined, is a reasonable medical probability as a result of your patient's industrial injury.

"This is very important so your immediate attention to this matter would be greatly appreciated.

"*I believe permanent disability is within reasonable medical probability emanating from this injury.*" Below this last sentence, spaces for date and signature appeared and contained the date of "12-15-04" written in and what appears to be the signature of Dr. Morales.

The Board agreed with the workers' compensation judge (WCJ) that this last sentence, *read in light* of Dr. Morales's other reports, constituted a "report by a treating physician indicating the existence of permanent disability" within the meaning of section 4660, subdivision (d). The WCJ found, as well, that nothing in section 4660, subdivision (d) requires an opinion that the worker is permanent and stationary, and noted that the statute "does not require a medical determination of the amount of permanent disability. It only requires an indication of the existence of permanent disability."

Initially, State Fund argues that the WCJ could not consider Dr. Morales's statement because it did not meet the requirements for a physician's report specified in section 9785 of title 8 of the California Code of Regulations. (§ 4603.2, subd. (a).) We need not address the point, however, because State Fund made no objection to the introduction of the report at trial, thereby waiving the issue. (*Lumbermen's Mut. Cas. Co. v. Ind. Acc. Com.* (1946) 29 Cal.2d 492, 499–500 [175 P.2d 823]; § 5709.)

Nor do we need to address State Fund's contention that "a report by a treating physician indicating the existence of permanent disability" is neces-

sarily contradicted and defeated by the fact that a worker is temporarily totally disabled and has not been declared permanent and stationary at the time the report is issued. As Echeverria acknowledges, in reviewing the Board's decision, we must determine whether in view of the entire record substantial evidence supported the Board's findings. (*Braewood Convalescent Hospital v. Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 159, 164 [193 Cal.Rptr. 157, 666 P.2d 14].) On this record, assuming without deciding that the statute "only requires an indication of the existence of permanent disability," we conclude the Board's decision is not supported by substantial evidence.

" '[O]ur function . . . is to consider the weight or persuasiveness of all of the evidence, as contrasted with that tending to support the [B]oard's decision. . . .' [Citation.]" (*Rosas v. Workers' Comp. Appeals Bd.* (1993) 16 Cal.App.4th 1692, 1702 [20 Cal.Rptr.2d 778].) A medical opinion is not substantial evidence if it is based on an inadequate history, speculation or guess. (*Escobedo v. Marshalls* (2005) 70 Cal.Comp.Cases 604, 620.) " '[W]hen the Board relies upon the opinion of a particular physician in making its determination, it may not isolate a fragmentary portion of his report . . . and disregard other portions that contradict or nullify the portion relied on; it must give fair consideration to all of his findings. . . .' [Citation.]" (*Rosas, supra,* at p. 1702.) And, to be substantial evidence, a medical report must indicate the reasoning behind the doctor's opinion. (*Granado v. Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399, 407 [71 Cal.Rptr. 678, 445 P.2d 294].)

■ In this case, the Board read Dr. Morales's December 14, 2004 single sentence statement in conjunction with all of his other reports, from September 20, 2004, through November 11, 2005. Dr. Morales's reports of September 20, 2004, and November 11, 2004, describe spinal range of motion problems which persist throughout his examinations of Echeverria. Nothing in the reports, however, appears to tie the range of motion and pain symptoms to Dr. Morales's December 15, 2004 prediction of permanent disability. To the contrary, the reports make no mention at all of prognosis, but instead simply declare that Echeverria remained temporarily totally disabled. None of the reports provide any reasoning to support Dr. Morales's December 15, 2004 conclusion.

The Board's decision to apply the 1997 PD schedule is not supported by substantial evidence. It is therefore annulled and the matter is remanded to the Board for further proceedings consistent with this opinion.

Stein, Acting P. J., and Margulies, J., concurred.