[No. A116761. First Dist., Div. Three. June 19, 2007.]

ZENITH INSURANCE COMPANY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and NADER AZIZI,
Respondents.

Counsel

Chernow & Lieb, Timothy C. Nelson, David J. McAuliff; Law Office of Saul Allweiss, Michael Marks; Sedgwick, Detert, Moran & Arnold and Christina J. Imre for Petitioner.

Timothy D. Timmons for Respondent.

DuRard, McKenna & Borg and Susan R. Borg for California Applicants' Attorneys Association as Amicus Curiae on behalf of Respondent.

Opinion

**POLLAK, J.**—Zenith Insurance Company (Zenith), the workers' compensation carrier for Hutchinson Motors, petitioned for a writ of review of the decision of the Workers' Compensation Appeals Board (Board) on the claim of Nader Azizi. Zenith contends the court should have applied the new permanent disability rating schedule that went into effect on January 1, 2005, rather than the 1997 schedule that was in effect when Azizi was injured. (See Lab. Code, § 4660, subd. (d).) We agree and annul the award.

## BACKGROUND

Azizi was employed as a used car assistant at Hutchinson Motors. On October 21, 2004, he injured his lower back during the course of his employment there. Zenith paid temporary disability indemnity on Hutchinson Motors' behalf for the period between October 21, 2004, and August 5, 2005. Azizi's condition was declared permanent and stationary on August 5, 2005.

A trial was held before a workers' compensation judge (WCJ), who awarded permanent disability based on the rating schedule that went into effect on January 1, 2005. Azizi filed a petition for reconsideration before the Board, arguing, among other things, that permanent disability should have been rated using the 1997 schedule that was in effect at the time of his injury. The Board granted Azizi's petition for reconsideration and issued a decision determining that the 1997 schedule applied. It deferred a decision on the

amount of permanent disability and remanded the case for further proceedings on the issue of apportionment. We granted Zenith's petition for writ review.

## DISCUSSION

■ Labor Code section 4660[1] governs the calculation of the percentage of permanent disability of an injured worker. That statute was amended on April 19, 2004, as part of Senate Bill No. 899 (2003–2004 Reg. Sess.), a comprehensive workers' compensation reform package, to require regular revisions of the permanent disability rating schedule. A new rating schedule incorporating the *American Medical Association Guides to the Evaluation of Permanent Impairment* (5th ed.) went into effect on January 1, 2005. This schedule superseded the 1997 rating schedule that was in effect when Azizi was injured in 2004. (See *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.* (2007) 146 Cal.App.4th 1311, 1313 [53 Cal.Rptr.3d 568].)

■ Section 4660, subdivision (d) provides generally that "[t]he schedule and any amendment thereto or revision thereof shall apply prospectively and shall apply to and govern only those permanent disabilities that result from compensable injuries received or occurring on and after the effective date of the adoption of the schedule." The statute then extends the new schedule to pre-2005 claims "when there has been either no comprehensive medical-legal report or no report by a treating physician indicating the existence of permanent disability, *or when the employer is not required to provide the notice required by Section 4061 to the injured worker.*" (§ 4660, subd. (d), italics added.)[2] Thus, if before January 1, 2005, a qualifying medical report was prepared or notice under section 4061 was required, the percentage of permanent disability is to be calculated using the earlier schedule that was in effect on the date of the injury. (See *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.*, *supra*, 146 Cal.App.4th at p. 1313.)

Here, the Board concluded that the 1997 schedule applied because notice was required under section 4061 prior to January 1, 2005. This was an

---

[1] Further statutory references are to the Labor Code.

[2] The full text of section 4660, subdivision (d) states: "The schedule shall promote consistency, uniformity, and objectivity. The schedule and any amendment thereto or revision thereof shall apply prospectively and shall apply to and govern only those permanent disabilities that result from compensable injuries received or occurring on and after the effective date of the adoption of the schedule, amendment or revision, as the fact may be. For compensable claims arising before January 1, 2005, the schedule as revised pursuant to changes made in legislation enacted during the 2003–04 Regular and Extraordinary Sessions shall apply to the determination of permanent disabilities when there has been either no comprehensive medical-legal report or no report by a treating physician indicating the existence of permanent disability, or when the employer is not required to provide the notice required by Section 4061 to the injured worker."

erroneous interpretation of the law. Section 4061 provides in relevant part, "(a) Together with the last payment of temporary disability indemnity, the employer shall, in a form prescribed by the administrative director pursuant to Section 138.4, provide the employee one of the following: [¶] (1) Notice either that no permanent disability indemnity will be paid because the employer alleges the employee has no permanent impairment or limitations resulting from the injury or notice of the amount of permanent disability indemnity determined by the employer to be payable. . . . [¶] (2) Notice that permanent disability may be or is payable, but that the amount cannot be determined because the employee's medical condition is not yet permanent and stationary. . . ."

■ Temporary disability benefits were paid to Azizi from October 2004 until August 2005. Zenith was required to provide notice under section 4061, "together with the last payment of temporary disability indemnity," in August 2005. Because that notice was not required until after January 1, 2005, the 2005 permanent disability rating schedule applies to Azizi's case.

Azizi argues that Zenith was required to give notice under section 4061 before January 1, 2005, because the duty to provide such notice arises when temporary disability payments are commenced rather than when they are terminated. Another division of this court recently rejected an identical argument in *Costco Wholesale Corp. v. Workers' Comp. Appeals Bd.* (2007) 151 Cal.App.4th 148 [59 Cal.Rptr.3d 611] (*Costco*). Our colleagues concluded that such an interpretation would violate the Legislature's intent to bring as many cases as possible under the new workers' compensation law and would render nugatory the other two exceptions under section 4660, subdivision (d). Those exceptions require application of the 2005 schedule to a pre-2005 injury if, before 2005, there was "no comprehensive medical-legal report or no report by a treating physician indicating the existence of permanent disability . . . ." (§ 4660, subd. (d).) The court in *Costco* reasoned, "Temporary disability will have been paid or owed before January 1, 2005, in virtually every case where a qualified medical examiner or doctor prepared a pre-2005 medical report indicating permanent disability, meaning there would be no practical need for the other two exceptions." (*Costco, supra,* at p. 157.)

■ We agree with the reasoning of *Costco* and reject Azizi's claim. We also observe that the Board has, since its decision in the present case, reached the same conclusion as the court in *Costco*. In *Pendergrass v. Duggan Plumbing* (2007) 72 Cal.Comp.Cases 456, the Board held in an en banc decision that the duty to give notice under section 4061 arises with the last

payment of temporary disability, which must be made before January 1, 2005, for the 1997 schedule to apply.[3]

As an alternative basis for affirming the Board's judgment, Azizi argues that notwithstanding the last sentence of section 4660, subdivision (d), which extends the new rating schedule to certain claims arising before January 1, 2005, there are no circumstances under which the 2005 schedule can apply to such claims. He posits that the third sentence of the subdivision, which extends the new schedule to pre-2005 claims, conflicts irreconcilably with the second sentence of the subdivision, which states the more general rule that the schedule "shall apply prospectively and shall apply to and govern only those permanent disabilities that result from compensable injuries received or occurring on and after the effective date of the adoption of the schedule, amendment or revision, as the fact may be." (§ 4660, subd. (d).) Azizi then attempts to resolve this purported conflict by interpreting the statute to mean "that the third sentence [extending the new schedule to pre-2005 claims] would only have had application if the schedule had been adopted between April 19, 2004, when [Senate Bill No.] 899 was signed into law, and January 1, 2005."[4]

This argument proceeds from a faulty premise, because there is no inconsistency between the provisions of section 4660, subdivision (d). The statute states the general rule that the applicable schedule is the one in effect on the date of the injury, and then provides an exception to that rule, namely, that the new schedule will apply to pre-2005 injuries unless one of three specified circumstances existed prior to 2005. There is nothing illogical or absurd about this interpretation of the statute, which adheres to its plain and commonsense meaning. Azizi's interpretation is strained by comparison. If, as he suggests, the Legislature had meant to target only those injuries arising during the period between the enactment of Senate Bill No. 899 (2003–2004 Reg. Sess.) on April 19, 2004, and the implementation of the new permanent disability rating schedule, it presumably would have done so explicitly rather than by making a blanket reference to claims arising before January 1, 2005.

---

[3] *Pendergrass v. Duggan Plumbing, supra,* 72 Cal.Comp.Cases 456, is not binding on this court, but we consider it for the limited purpose of pointing out the contemporaneous interpretation and application of the workers' compensation law by the Board. (*Smith v. Workers' Comp. Appeals Bd.* (2000) 79 Cal.App.4th 530, 537, fn. 2 [94 Cal.Rptr.2d 186].)

[4] In the proceedings before the WCJ and the Board, the parties recognized that this argument was rejected by the Board's en banc decision in *Aldi v. Carr, McClellan, Ingersoll, Thompson & Horn* (2006) 71 Cal.Comp.Cases 783, writ denied.

## DISPOSITION

That portion of the award applying the 1997 permanent disability rating schedule is annulled. In all other respects, the award is affirmed. The parties shall bear their respective costs herein.

McGuiness, P. J., and Parrilli, J., concurred.