[No. H031049. Sixth Dist. Nov. 21, 2007.]

TANIMURA & ANTLE et al., Petitioners v.
WORKERS' COMPENSATION APPEALS BOARD and AVELINO
LÓPEZ, Respondents.

COUNSEL

Matovich & McLean and Daniel H. Hunt for Petitioners.

Law Offices of Saul Allweiss and Michael A. Marks for California Workers' Compensation Institute as Amicus Curiae on behalf of Petitioners.

Rucka, O'Boyle, Lombardo & McKenna and Alfred Lombardo for Respondent Avelino López.

No appearance for Respondent Workers' Compensation Appeals Board.

OPINION

**DUFFY, J.**—This case comes to us on a petition for writ of review following the Workers' Compensation Appeals Board's reversal of a workers' compensation judge's award of benefits to an injured worker, Avelino López. The board concluded that the worker should receive greater benefits because prior law applied in the worker's case. The question before us is whether the

permanent disability rating of the worker should be based on the 1997 permanent disability rating schedule (PDRS) or the 2005 version of the PDRS. We conclude that the 2005 PDRS applies and therefore annul the board's opinion and decision.

## FACTS AND PROCEDURAL BACKGROUND

Avelino López sustained a workplace injury to his left hand on September 1, 2004, that was compensable under the workers' compensation system. He received temporary and total disability payments from September 2, 2004, through March 8, 2006. Following an examination on January 13, 2006, a physician who specializes in hand treatment determined, in an agreed medical examiner's report, that López was permanent and stationary as of that date. The date for beginning permanent disability payments was agreed to be March 23, 2006.

The parties disagreed whether the permanent disability described in the examining physician's report should be rated under the 1997 PDRS or the 2005 version. They did agree, however, that the rating would be 30 percent under the 1997 schedule and 9 percent under the 2005 schedule.

On July 13, 2006, following a trial before a workers' compensation judge, the judge ruled that the 2005 PDRS applied and that López qualified for a 9 percent permanent disability. The judge explained in his opinion on decision that "[b]ased upon the clear meaning of [Labor Code section 4660, subdivision (d)], the [2005 PDRS] is to apply to claims arising before [January 1, 2005,] unless they meet certain exceptions. In this case, there is no comprehensive medical-legal report prepared prior to [January 1, 2005,] nor a report by a treating physician indicating the existence of permanent disability or any evidence that the employer was required to issue a [Labor Code] section 4061 notice to the injured worker prior [to January 1, 2005]; therefore, the new schedule applies to this case." The workers' compensation judge awarded López $7,200, payable at $200 per week.

López filed a petition for reconsideration with the Workers' Compensation Appeals Board that he dated July 26, 2006. (The filestamp in the record is too faint for us to be able to discern the filing date.) He urged the board to award him the 30 percent permanent disability rating to which he would be entitled under the 1997 PDRS. The board granted the petition and, on November 21, 2006, issued a divided opinion and decision that reversed the workers'

compensation judge's decision. The majority held that the 1997 PDRS should apply, and awarded López $29,150, payable at $200 per week. The majority stated: "From our reading of [Labor Code] section 4061[, subdivision] (a), there is no obligation to provide any notice unless [temporary disability] benefits are payable. Thus, as soon as [temporary disability] payments commence, the duty to give section 4061[, subdivision] (a) notice comes into existence. We distinguish here between when the duty arises and when the duty is required to be executed. Here, the duty arose when the first payment of [temporary disability] was made [i.e., in September of 2004]." The dissenting board member concluded that principles of statutory construction required applying the 2005 PDRS. Tanimura & Antle and its insurer petitioned this court for writ of review, and we granted the petition.

## STATUTORY BACKGROUND

"On April 19, 2004, . . . the Legislature passed a comprehensive reform of the workers' compensation laws. [Citation.] Among other things, the Legislature required a change in the schedule by which permanent disability is rated. . . . The schedule was revised and became effective on January 1, 2005 . . . ." (*Vera v. Workers' Comp. Appeals Bd.* (2007) 154 Cal.App.4th 996, 1000 [65 Cal.Rptr.3d 151], fns. omitted.)

Implementing one of the reforms, Labor Code section 4660, subdivision (d), now provides: "The schedule shall promote consistency, uniformity, and objectivity. The schedule and any amendment thereto or revision thereof shall apply prospectively and shall apply to and govern only those permanent disabilities that result from compensable injuries received or occurring on and after the effective date of the adoption of the schedule, amendment or revision, as the fact may be. For compensable claims arising before January 1, 2005, the [new] schedule . . . shall apply to the determination of permanent disabilities when there has been either no comprehensive medical-legal report or no report by a treating physician indicating the existence of permanent disability, or when the employer is not required to provide the notice required by Section 4061 to the injured worker."

In turn, Labor Code section 4061 provides in relevant part: "(a) Together with the last payment of temporary disability indemnity, the employer shall . . . provide the employee one of the following: [¶] (1) Notice either that no permanent disability indemnity will be paid because the employer alleges the employee has no permanent impairment or limitations resulting from the injury or notice of the amount of permanent disability indemnity determined

by the employer to be payable. . . . [¶] (2) Notice that permanent disability indemnity may be or is payable, but that the amount cannot be determined because the employee's medical condition is not yet permanent and stationary. . . ."

## DISCUSSION

The question before us concerns the meaning and application of Labor Code sections 4660, subdivision (d), and 4061. This is a purely legal question; the parties do not dispute the underlying facts. "We apply a de novo standard of review when interpreting a statute, but we also apply the principle that 'the WCAB's [statutory] construction is entitled to great weight unless clearly erroneous.' " (*Vera v. Workers' Comp. Appeals Bd., supra,* 154 Cal.App.4th at p. 1003.)

As noted, the workers' compensation judge interpreted Labor Code section 4660, subdivision (d) as requiring one of three statutorily enumerated conditions to exist in order for López to be compensated for his workplace injury under the 1997 PDRS. The judge concluded that the 2005 PDRS applied to the case instead of the 1997 PDRS because none of the three conditions existed. Specifically, before the key date of January 1, 2005, neither a comprehensive medical-legal report nor a report by a treating physician indicating the existence of permanent disability was issued, and there was no evidence that the employer was required to issue a notice under Labor Code section 4061 to López, a notice that "advises the employee of the employer's position regarding the entitlement to permanent disability at the time the last payment of temporary disability is made." (*Costco Wholesale Corp. v. Workers' Comp. Appeals Bd.* (2007) 151 Cal.App.4th 148, 154 [59 Cal.Rptr.3d 611] (*Costco*).) A divided Workers' Compensation Appeals Board found that there was evidence that Tanimura & Antle incurred a duty to issue notice under Labor Code section 4061, subdivision (a), in 2004, so the third condition existed and López must be compensated under the 1997 PDRS.

Since this court granted the employer's writ petition, several published appellate decisions have disagreed with the conclusion of the majority of the board herein. We agree with them.

■ *Costco* refutes the reasoning of the Workers' Compensation Appeals Board in this case that an employer "was required to give notice under section 4061 before January 1, 2005, because the duty to provide such notice arises

when temporary disability payments are commenced rather than when they are terminated." (*Costco, supra,* 151 Cal.App.4th at pp. 156–157, fn. omitted.) "While [Labor Code section 4660, subdivision (d)] is not a model of linguistic clarity, its intent is clear. The intent is to apply the rating schedule in effect on the date of injury to injuries suffered prior to 2005 in only three circumstances: (1) when a comprehensive medical-legal report issued prior to 2005 indicates permanent disability, (2) when a report from a treating physician issued prior to 2005 indicates permanent disability, and (3) when an employer has been required to give notice under section 4061 prior to 2005 concerning its intentions regarding payment of permanent disability benefits. This interpretation supports the legislative goal of bringing as many cases as possible under the new workers' compensation law." (*Id.* at p. 157.)

Similar views have been expressed recently in *Vera v. Workers' Comp. Appeals Bd., supra,* 154 Cal.App.4th at pages 1003–1004; *Chang v. Workers' Comp. Appeals Bd.* (2007) 153 Cal.App.4th 750, 752 [63 Cal.Rptr.3d 219]; *Energetic Painting & Drywall, Inc. v. Workers' Comp. Appeals Bd.* (2007) 153 Cal.App.4th 633, 636–639 [63 Cal.Rptr.3d 210]; and *Zenith Ins. Co. v. Workers' Comp. Appeals Bd.* (2007) 153 Cal.App.4th 461, 465–466 [62 Cal.Rptr.3d 683].

■ In sum, although López's injury occurred on September 1, 2004, before the 2005 PDRS was adopted, the intent of Labor Code section 4660, subdivision (d), is to require some showing of permanent disability before January 1, 2005, for the 2005 PDRS not to apply. (See *Costco, supra,* 151 Cal.App.4th at pp. 154–155.) A "construction of section 4660, subdivision (d), to require no indication of permanent disability . . . would be contrary to the spirit of the statute and the workers' compensation reform package as a whole." (*Ibid.*) "The purpose of the reform package is not served by an interpretation of section 4660, subdivision (d), that delays the implementation of the new rating scale based on [factors] that give no indication of permanent disability . . . ." (*Id.* at p. 155.) López does not point to any pre-2005 evidence that he was permanently disabled within the meaning of the exceptions listed in Labor Code section 4660, subdivision (d). Nor does he show that before 2005, Tanimura & Antle was required to provide notice under Labor Code section 4061, subdivision (a). "[A]n employer is not 'required to provide the notice required by Section 4061,' as stated in section 4660, subdivision (d), until the employer is making the last payment of temporary disability benefits." (*Vera v. Workers' Comp. Appeals Bd., supra,* 154 Cal.App.4th at p. 1009.) The agreed medical examiner found López to be permanent and stationary on January 13, 2006, and Tanimura & Antle made its last temporary disability payment on March 8, 2006. The

earliest date that could possibly apply is a date at some point in 2006, more than a year after January 1, 2005.

Because there was no ground under Labor Code section 4660, subdivision (d), to apply the 1997 PDRS, the Workers' Compensation Appeals Board erred in compensating López's disability under the former schedule.

■ To dissuade us from reaching the foregoing conclusion, López advances an argument based on grammar and syntax that invites us to consider the use of "when" and the use of present and past tenses in the statutory language. López's arguments are complicated and do not easily lend themselves to summarization. There is no need to elaborate on his parsing of the statutory language, however. In *Costco, supra,* 151 Cal.App.4th 148, the court rejected a similar effort. (*Id.* at p. 153.) In so doing, *Costco* noted that "this interpretation of the statute is unpersuasive. 'The rules of grammar and canons of construction are but tools, "guides to help courts determine likely legislative intent. [Citations.] And that intent is critical. Those who write statutes seek to solve human problems. Fidelity to their aims requires us to approach an interpretive problem not as if it were a purely logical game, like a Rubik's Cube, but as an effort to divine the human intent that underlies the statute." ' " (*Id.* at pp. 153–154.)

■ *Costco* proceeded to summarize the crux of the issue. "The human problem to be solved by section 4660, subdivision (d), is the rating of permanent disability. That statute provides that the new rating schedule will apply to pre-2005 injuries unless one of three circumstances [has] occurred before 2005. One such circumstance is the preparation of a physician's report indicating the existence of permanent disability. Another . . . is the obligation of the employer to serve notice under section 4061, which advises the employee of the employer's position regarding the entitlement to permanent disability at the time the last payment of temporary disability is made. *These two circumstances are clearly tied to a determination of permanent disability before January 1, 2005.*" (*Costco, supra,* 151 Cal.App.4th at p. 154, italics added.) We agree with this reasoning. Efforts at linguistic parsing of the statutory language cannot trump the Legislature's plain intent.[1]

---

[1] In a footnote, López advances another argument, this one based on a different criterion set forth in Labor Code section 4660, subdivision (d). He contends that "[a]lthough not stated as a basis for [the Workers' Compensation Appeals Board's] decision, an additional 'exception' indicated in Section 4660(d), requiring application of the 'old' schedule to pre-[January 1, 2005,] injuries, is a 'report by a treating physician indicating the existence of permanent disability.' . . ." López did not raise the point below and has not preserved it for review. (See *Sully-Miller Contracting Co. v. California Occupational Safety & Health Appeals Bd.* (2006) 138 Cal.App.4th 684, 692, fn. 4 [41 Cal.Rptr.3d 742].)

## DISPOSITION

The Workers' Compensation Appeals Board's opinion and decision after reconsideration is annulled. The case is remanded to award López compensation in accordance with the decision of the workers' compensation judge. The parties shall bear their own costs in the proceedings before this court. (Cal. Rules of Court, rule 8.276(a)(4).)

Premo, Acting P. J., and Elia, J., concurred.

The petition of respondent Avelino López for review by the Supreme Court was denied February 20, 2008, S159527.